IN THE UNITED STATES BANKRUPTCY COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IN RE: | ) CHAPTER: 13 |
| | ) CASE NO: 311-02939 |
| KENNETH N. FAIRCLOTH | ) JUDGE: PAINE |
| Debtor. | ) |
| | ) |
| | ) ADV. PROC. 11-ap-00356 |
| | ) |
| KENNETH N. FAIRCLOTH | ) |
|     Plaintiff, | ) |
| v. | ) |
| | ) |
| JENNIFER HAPNER | ) |
| Defendant. | ) |

# MEMORANDUM

The parties stipulated to the following facts:

1) Plaintiff and Defendant Jennifer L. Hapner were married and subsequently divorced on or about September 7, 2006.

2) The parties' residence had a second mortgage to Wells Fargo.

3) The divorce decree ordered Plaintiff to pay off that obligation upon the sale of some other property owned by the Plaintiff.

4) Plaintiff sold the other property but failed to pay off the Wells Fargo obligation.

5) Defendant is a co-obligor on the Wells Fargo obligation.

6) The obligation to repay the Wells Fargo obligation is not referenced in Paragraph 11 of the divorce decree, titled "Alimony" nor is it listed as

a child support under paragraph 3 "Permanent Parenting Plan".

7) In the Order of the General Sessions Court for Wilson County in Lebanon, entered December 28, 2007 Plaintiff was held in contempt for not paying the aforesaid obligation, but at no time was that obligation referred to as either alimony or support. Rather it was referred to simply as the "mortgage debt owed to Wells Fargo Financial".

The debtor seeks to discharge this obligation in his chapter 13, and his ex-wife argues that the debt is nondischargeable. In order to be given priority treatment as a domestic support obligation a claim must satisfy all four requirements of 11 U.S.C. § 101(14A), which defines the term domestic support obligation. Specifically, the claimant must demonstrate that the debt is

(1) "owed to or recoverable by-

   (i) a spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or

   (ii) a governmental unit;"

(2) "in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;"

(3) "established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of-

   (i) a separation agreement, divorce decree, or property settlement agreement;

   (ii) an order of a court of record; or

   (iii) a determination made in accordance with applicable

> nonbankruptcy law by a governmental unit;" and

> (4) "not assigned to a nongovernmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt."

11 U.S.C. § 101(14A) (West, 2011). **In re Forgette**, 379 B.R. 623, 625 (Bankr. W.D. 2007) holds that all four elements of § 101(14A) must be satisfied in order to have a claim qualified as a domestic support obligation.

The Wells Fargo debt was not mentioned as one of alimony or support in the divorce decree, and does not qualify under §101(14A) as a §523(a)(5) obligation. If this were a chapter 7 case, the debt would nonetheless be nondischargeable, but other courts have found that a chapter 13 debtor can discharge an (a)(15) obligation. **In re Jodoin**, 196 B.R. 845, 852 (Bankr. E.D. Cal. 1996) states that "[d]ebts that are nondischargeable under §523(a)(15) can be discharged in a Chapter 13 case citing 11 U.S.C. § 1328(a)(2). **In re Nelson**, 451 B.R. 918, 925 (Bankr. D.Or., 2011) (§523(a)(15) is not an exception to a chapter 13 discharge. § 1328(a)); **In re Cooke**, 455 B.R. 503 (Bankr. W.D. Va. 2011) (same); **In re Young**, 425 B.R. 811 (Bankr. E.D. Tex. 2010) ("Certain debts to a spouse, former spouse, or child of the debtor that are not domestic support obligations (§ 523(a)(15)) are among those that may be discharged in a Chapter 13 bankruptcy. See 11 U.S.C. § 1328(a)(2)).

Based on the review of the stipulations of the parties, the court finds no material facts in dispute and that the court can grant summary judgment as a matter of law. The creditor's claim arises from the judgment of contempt which itself arises from the failure of the debtor to pay the obligations placed upon him by the MDA and order of divorce. However, it appears that section 1328(a) allows §523(a)(15) debts to be discharged in chapter 13 where they would not be discharged in chapter 7. Accordingly, the court sets aside the December 28, 2011 order (adversary docket number 16) declaring this obligation nondischargeable, and grants the debtor's motion for summary judgment. The court instructs counsel for the debtor to prepare an order not inconsistent with this court's decision within fourteen (14) days of entry of this Memorandum.